IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JULIUS CRAWFORD**                                                                            **PLAINTIFF**

v.                                                                                                                                 **No. 4:05CV49-P-A**

**CHIEF LESTER CARTER, ET AL.**                                                   **DEFENDANTS**

## REPORT AND RECOMMENDATION

On October 20, 2005, plaintiff Julius Crawford, an inmate in the confined in the Washington County Jail, appeared before the undersigned for a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. § 1983. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

This case presents the court with a claim that the general conditions of confinement in the Greenville City Jail were unconstitutionally deficient. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### General Conditions

The plaintiff was arrested September 30, 2004, and placed in the Greenville City Jail, where he received a mattress and blanket. For the first two weeks of his incarceration he received only a small bar of soap, no toothbrush, toothpaste, or sheets. After that time his family provided his toiletries. Two of the cells at the jail did not have glass windows until a few weeks

---

[1] 28 U.S.C. § 1915(g).

before this case was filed; during that time they were covered with sheets of plastic. The jail had been painted with lead-based paint. The heater in cell five did not function, but heaters in the other cells did. The cell area had roaches and spiders, the shower was dirty, and the sheets issued, although dingy, worn, and ill-fitting, had been laundered. The plaintiff contracted athlete's foot while incarcerated, even though the jail issued him shower shoes. The jail provided the plaintiff with antifungal cream to treat the infection. Water frequently leaked from the cell five heater into the other cells, requiring the inmates to use towels to keep water from leaking into their cells. In addition the meals frequently arrive "below serving temperature," hamburgers were occasionally pink in the middle, and the water cooler was cleaned only about once per month. The plaintiff suffered a spider bite in January; a nurse treated the bite, and it healed. Finally, the plaintiff, a diabetic, passed out twice from low blood sugar. The first time he was given juice; when it happened again, Dr. Dial began monitoring the plaintiff's blood sugar level, and the plaintiff has had no further episodes of low blood sugar.

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The plaintiff in this case complains only of discomfort and inconvenience:

lack of toothbrush and toothpaste, dingy but clean sheets, plastic window coverings, leaky heaters, and meals not heated to his satisfaction. Jail personnel treated both his spider bite and low blood sugar, and he has no more problems with them. Plaintiff did not claim any other health related issues arising out of other conditions at the jail. Thus, based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the undersigned concludes that the instant claims do not rise to the level of a constitutional violation. Plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *Woods*, 51 F.3d at 581.

### Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this

paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 26th day of October, 2005.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE